AGUSTÍN FÁBREGAS y HENRY BARREDA, demandantes y apelantes, *v.* THE MAYAGÜEZ LIGHT, POWER & ICE COMPANY, demandada y apelada.

No. 5302.—*Sometido:* Febrero 5, 1931. *Resuelto:* Marzo 11, 1932.

*Oscar Souffront,* abogado de los apelantes; *J. Alemañy Sosa,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El huracán de San Felipe que azotó esta Isla el 13 de septiembre de 1928, derribó las dos chimeneas de la planta eléctrica de la Mayagüez Light, Power & Ice Co. Al día siguiente los dueños de la compañía encomendaron a Agustín Fábregas y Henry Barreda la dirección técnica de la restauración de dichas chimeneas, para ser ejecutada tan pronto como fuera posible. No se fijó precio en el primer momento. Algunos días después se convino en que la compañía pagaría a Fábregas y Barreda por su trabajo de dirección $1,250. Comenzó el trabajo en seguida y a los diez y nueve días como surgieran protestas del público que se encontraba

sin luz y los dueños de la compañía estimaran que el trabajo venía realizándose en verdad con demasiada lentitud pues aun no se había concluído de montar la más pequeña de las chimeneas, encomendaron su terminación a otra persona.

Fábregas y Barreda habían percibido ya la suma de $450, y no conformes con el proceder de la compañía, iniciaron contra ella esta acción sobre daños y perjuicios por incumplimiento de contrato, reclamando la suma de $800 o sea el resto del precio total del trabajo que se comprometieron a realizar y que según ellos comenzaron bien y fielmente y así hubieran continuado hasta su terminación a no impedírselos la demandada.

Fué el pleito a juicio y la corte por el resultado de la prueba practicada por ambas partes, estimó que la compañía estuvo justificada en su actuación, siendo suficiente la cantidad pagada a los demandantes por la parte del trabajo que llegaron a realizar.

Los demandantes apelaron señalando en su alegato la comisión de varios errores que discuten con habilidad y amplitud.

Hemos examinado cuidadosamente la prueba y a nuestro juicio no hay base bastante para concluir que no fuera apreciada rectamente por el tribunal sentenciador.

Se trataba de una compañía que proporcionaba el alumbrado a Mayagüez, San Germán, Cabo Rojo, Lajas y Hormigueros. El trabajo se contrató para verificarse en el término más breve que fuera posible. No hay duda alguna de que los demandantes eran competentes, pero salta a la vista —por las horas de trabajo de las nóminas y por el resultado obtenido después— que marchaban con una lentitud tal que justificaba las protestas del público que obligaron a actuar a la compañía que al parecer nada perdía con la dilación por estar sus pérdidas aseguradas.

Bajo esas circunstancias, era el deber de la compañía apresurar el trabajo. Quizá antes debió haber tomado la

determinación. La rapidez en la ejecución era un elemento esencial en el contrato.

El artículo 1077 del Código Civil de Puerto Rico, revisado y publicado según lo dispuesto en la Resolución Conjunta No. 18 de 1930, (1091 anterior), dispone en lo pertinente:

"Artículo 1077.—La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe.

"El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. También podrá pedir la resolución, aun después de haber optado por el cumplimiento, cuando éste resultare imposible."

El perjudicado optó por la resolución y se ha considerado que lo que pagó fué suficiente. A este respecto dice la corte de distrito en su opinión, y su conclusión está justificada a nuestro juicio por la prueba, lo que sigue:

"El contrato se refería al trabajo de montura de ambas chimeneas y conectar el cañón de la chimenea número dos a las calderas número dos y tres y colocar los gorros y los vientos. Una chimenea tiene noventa pies y la otra ciento veinticinco; o sea un total de doscientos quince pies. Los demandantes levantaron la primera chimenea hasta una altura de cincuenta y siete pies y medio, o sea un 26.74% de ambas comprendidas en el contrato. El importe del ajuste por los demandantes fué de mil doscientos cincuenta dólares ($1,250.00), por todas las obras. A cuenta de ellos recibieron cuatrocientos cincuenta dólares ($450.00), o sea el 36% de la totalidad del ajuste, habiendo ejecutado solamente un 26.74% del trabajo, refiriéndose a la altura de las chimeneas. El otro trabajo fué la desarticulación de los paños de la otra chimenea; pero la dirección técnica de este trabajo no es de mayor importancia."

*Debe confirmarse la sentencia recurrida.*